1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SARAH HOLSHOUSER,                           No.  2:14-cv-2552 CKD

12                 Plaintiff,

13        v.                                      ORDER

14   COUNTY OF MODOC, et al.,

15                 Defendants.

16

17        Defendants' motion for judgment on the pleadings on plaintiff's first cause of action came

18   on regularly for hearing on September 30, 2015.  Katherine Smith and Darci Burrell appeared for

19   plaintiff.  Sean Lodholz and Martha Stringer appeared for defendants.  Upon review of the

20   documents in support and opposition, upon hearing the arguments of counsel, and good cause

21   appearing therefor, THE COURT FINDS AS FOLLOWS:

22        In this case proceeding before the undersigned by consent of the parties under 28 U.S.C.

23   §636(c)(1), plaintiff alleges claims arising out of the termination of her employment as Director

24   of Social Services with the County of Modoc ("MDSS").  Plaintiff was employed in that position

25   from April 2012 until she was terminated in November 2013.  Plaintiff asserts her employment

26   was terminated in retaliation for her continued reporting of fraud and corruption, including

27   defendants' misallocation and misuse of federal funds.  Plaintiff alleges claims under the Civil

28   Rights Act and California Unruh Civil Rights Act for retaliation for exercise of free speech rights,

1  the anti-retaliation provisions under the Federal and state False Claims Acts, and the

2  whistleblower provisions of California Labor Code § 1102.5.  Plaintiff also alleges claims for late

3  pay and waiting time penalties, failure to provide accurate itemized wage statements, and failure

4  to timely provide personnel records upon request.  Before the court is defendants' motion for

5  judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on plaintiff's first claim

6  for relief.

7        Rule 12(c) of the Federal Rules of Civil Procedure provides that,

8            [a]fter the pleadings are closed but within such time as not to delay
             the trial, any party may move for judgment on the pleadings.  If, on
9            a motion for judgment on the pleadings, matters outside the
             pleadings are presented to and not excluded by the court, the
10           motion shall be treated as one for summary judgment and disposed
             of as provided in Rule 56, and all parties shall be given reasonable
11           opportunity to present all material made pertinent to such a motion
             by Rule 56.
12

13  Fed. R. Civ. P. 12(c).  Judgment on the pleadings is appropriate "when there are no issues of

14  material fact, and the moving party is entitled to judgment as a matter of law."  3550 Stevens

15  Creek Assocs. v. Barclays Bank, 915 F.2d 1355, 1357 (9th Cir. 1990).  In considering a motion

16  for judgment on the pleadings, the court reviews the pleadings only.  The complaint must contain

17  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

18  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

19  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

21  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

22  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

23  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

24  at 1949.  The allegations of the non-moving party must be accepted as true.  See Hal Roach

25  Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1989).  The burden is on

26  the moving party to demonstrate that no material issue of fact remains to be resolved and that the

27  moving party is entitled to judgment as a matter of law.  Id.

28  /////

2

1    Defendants move for judgment on the pleadings on plaintiff's first claim for relief under
2   42 U.S.C. § 1983 for retaliation for exercise of the right to free speech.  Plaintiff alleges she
3   engaged in the following protected speech:  she complained to defendant County Administrative
4   Officer Robertson and the Board of Supervisors about fraudulent and illegal activities in her
5   department; complained to the California Department of Social Services ("CDSS") about
6   fraudulent and illegal activities in her department and reported to CDSS diversion of MDSS
7   funds; complained to the County District Attorney about fraudulent use of MDSS funds;
8   complained to defendant Robertson, County Counsel and the District Attorney about issues with
9   the County's Migrant Farm Program; and complained to defendant Robertson and the Board of
10  Supervisors about payment of a Mental Health Department employee's student loans.
11  Defendants contend that the first cause of action fails to state a claim because the allegedly
12  protected speech was made in plaintiff's capacity as Director of Social Services.

13    A First Amendment retaliation claim requires analysis of five factors:  "(1) whether the
14  plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or
15  public employee; (3) whether the plaintiff's protected speech was a substantial or motivating
16  factor in the adverse employment action; (4) whether the state had an adequate justification for
17  treating the employee differently from other members of the general public; and (5) whether the
18  state would have taken the adverse employment action even absent the protected speech."  Eng v.
19  Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009).  Defendants contend that because plaintiff's speech
20  was in furtherance of the duties she was paid to perform, plaintiff cannot meet the second factor
21  of demonstrating that she spoke as a private citizen.  See generally Garcetti v. Ceballos, 547 U.S.
22  410, 421-422 (2006).  This contention is unavailing.  At a minimum, plaintiff has alleged speech
23  that appears to be outside the scope of her official duties, i.e. complaining to defendant Robertson
24  and the Board of Supervisors about payment of a Mental Health Department employee's student
25  loans.  Complaint, ¶ 41.  Moreover, plaintiff has alleged that she was the Director of the
26  Department of Social Services.  Complaint, ¶ 17.  Although the complaint does not set forth
27  ////
28  ////

1    specific job duties for this position,[1] the complaint does set forth the programs that are

2    administered by this department.  Complaint, ¶¶18, 29, 30.  Construing these allegations in a light

3    most favorable to plaintiff, it can be reasonably inferred that reporting misconduct in her

4    department to authorities not in plaintiff's chain of command was outside the scope of her official

5    duties.  Whether plaintiff's other alleged speech was within the scope of plaintiff's job

6    responsibilities is therefore a question of fact not appropriately resolved by a motion for judgment

7    on the pleadings.  See Eng v. Cooley, 552 F.3d at 1071; see also Dahlia v. Rodriguez, 735 F.3d

8    1060, 1074 (9th Cir. 2013) (where public employee takes job concerns outside workplace,

9    external communications ordinarily not made as an employee, but as a citizen).  Plaintiff is

10    therefore entitled to proceed on her first claim for relief.

11          Defendants further contend that the claims against the Modoc County Board of

12    Supervisors and defendant Robertson are duplicative and should be dismissed.  This contention is

13    well taken.  Because these defendants are named in their official capacities and the County is

14    already named as a defendant, it is appropriate to dismiss the claims against these defendants in

15    their official capacities as redundant.  See Fontana v. Alpine County, 750 F.Supp.2d 1148, 1153-

16    1154 (E.D. Cal. 2010); see also Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)

17    (suit against governmental officer in his official capacity is equivalent to suit against the

18    governmental entity itself).  Plaintiff concedes this point but anticipates possible discovery issues

19    arising from dismissal of defendants in their official capacities.  Plaintiff therefore requests

20    dismissal of the County and maintenance of the action against defendants in their official

21    capacities.  Reviewing the record in this matter, the court finds no reason to prognosticate that

22    defense counsel will not conduct discovery in good faith or that meritless objections will be raised

23    /////

24    /////

---

[1]  While the court concludes that defendants' motion should not be granted with respect to the County of Modoc, as explained below, an amended complaint must be filed if plaintiff intends to proceed against defendant Robertson in his individual capacity.  In the amended complaint, plaintiff should set forth the specific parameters of her official duties.  See Couch v. Cate, 379 Fed. Appx. 560, 563 (9th Cir. 2010).

1    based on whether the person from whom discovery is sought is a named defendant.[2]  Because

2    plaintiff named both the County and defendants in their official capacities in the original

3    complaint, the court concludes that it is proper at this stage of the pleadings to dismiss the official

4    capacity claims pled in the first cause of action.

5          Finally, defendant Robertson moves for judgment on the pleadings with respect to the first

6    claim for relief pled against him in his individual capacity.  In the complaint, plaintiff alleges that

7    defendant Robertson told plaintiff that she was going to lose "political currency" if she kept

8    complaining about wrongdoing and that defendant Robertson told plaintiff to "keep her nose out

9    of other peoples' departments."  Complaint, ECF No. 1 at 9:6 and 9:26.  To establish individual

10   liability of defendant Robertson, plaintiff must allege facts demonstrating a causal connection

11   between the conduct of defendant and the deprivation of a federal right.  See Lacey v. Maricopa

12   County, 693 F.3d 896, 916 (9th Cir. 2012).  On the present state of the pleadings, plaintiff fails to

13   allege facts sufficient to support a claim against defendant Robertson in his individual capacity

14   for retaliation for exercise of the right to free speech.  However, a causal connection sufficient to

15   establish individual capacity liability can be shown where plaintiff demonstrates that defendant

16   set in motion "a series of acts by others which the actor knows or reasonably should know would

17   cause others to inflict the constitutional injury."  Harris v. Roderick, 126 F.3d 1189, 1196 (9th

18   Cir. 1997) citing Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); see also Lacey v.

19   Maricopa County, 693 F.3d at 916 ("But an official with no official authority over another actor

20   can also be liable for that actor's conduct if he induces that actor to violate a third party's

21   constitutional rights, provided that the official possesses the requisite intent, such as retaliatory

22   animus.").  Because it is not clear that plaintiff cannot cure this deficiency in the pleadings, leave

23   to amend will be granted.

24         Accordingly, IT IS HEREBY ORDERED that:

25         1.  Defendants' motion for judgment on the pleadings (ECF No. 21) is granted in part and

26   denied in part.

27   _____

28   [2] The court reminds the parties that resolution of discovery disputes is available under the
     informal procedures set forth on the undersigned's court website.

2.  The motion for judgment on the pleadings with respect to the first claim for relief against defendant County of Modoc is denied.

3.  The motion for judgment on the pleadings with respect to the first claim for relief against defendants Modoc County Board of Supervisors and Robertson in their official capacities is granted without leave to amend.

4.  The motion for judgment on the pleadings with respect to the first claim for relief against defendant Robertson in his individual capacity is granted with leave to amend within thirty days.

Dated:  October 1, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 holshouser2552.jop.oah

6